Our fourth case for argument today is United States v. Williams. Mr. Everhart. Thank you, Your Honor. May it please the Court? I guess I'll just start by clarifying a position I've heard a lot of 924C and crime of violence arguments and whatnot going on this morning. The Seventh Circuit's recent decisions, I think, have narrowed the issue in this case to boil down to, is bank robbery by intimidation categorically a crime of violence under the Elements Clause of 924C? It's clear that in addressing this, the Court must only look at the statutory definitions and presume that a conviction rests on the least serious or the most innocent conduct that could satisfy the statute. And I submit to you, Your Honors, that this is not easy, because I think we all bring to these cases our life experiences. I think we're all sitting here saying, you know, somebody who walks into a bank and is holding a gun deserves to go to jail for a long period of time. And it's absolutely appropriate under reasonable discretion that a district judge would use in sentencing, but I think where the problem then comes in is constitutionally... Now, has anything happened since Armour that would cause us to overrule that decision, which seems quite dispositive here? I think, Your Honor, the Alonis case out of the Supreme Court is right on point. I'll point to our reply brief and jump ahead in addressing... I'll preface this by saying there's actually three provisions that I think need to be looked at. Those are 924C, 18 U.S.C. 16, and in the sentencing guidelines... Could you address my question? Has anything happened since Armour that should cause us to re-evaluate that decision? The Alonis came down more than a year before Armour. So my question is what it is. If you would address it, it would help me. I was just going to correct myself. Your Honor, you're correct. I believe with all due respect that the court did not in Armour address its prior precedent as well as Alonis. Alonis is nowhere mentioned in the Armour decision. The Bizan Reyes is nowhere mentioned. And Rutherford, as cited in Bizan Reyes, is nowhere mentioned in Armour. When the Supreme Court addressed Alonis, they were addressing the elements of 18 U.S.C. 875C, which made it a crime to transmit in interstate commerce, quote, any communication containing any threat to injure the person of another, unquote. And the court went on to say, Alonis' conviction was premised solely on how his posts would be understood by a reasonable person. Having liability turn on whether a reasonable person regards the communication as a threat, regardless of what the defendant thinks, reduces culpability on the all-important element of a crime to negligence. And we have long been reluctant to infer that a negligence standard was intended in criminal statutes. And further, and then referring back to our own pattern of jury instructions with regard to bank robbery by intimidation, in Alonis, the Supreme Court I must say, you heard my questions in the first case. I don't understand where these extra mental intent states are coming from. Bank robbery is not a crime that can be committed by negligence. It's an intentional offense. One has to intend to rob the bank. Now, as with many offenses, the intent requirement does not deal with all the elements. You don't even have to know, let alone intend, that your bank be insured by the Federal Deposit Insurance Corporation to commit the crime of bank robbery. So you have, as is perfectly normal, a crime where the basic act, it has to be intentional, but other things don't independently have intent requirements. You seem to be saying that none of those crimes can be crimes of violence, which, and I don't understand why that meshes with the language of the statute. I don't believe that that characterization is correct, Your Honor. To commit a bank robbery by intimidation, yes, it's an intentional crime. But to commit it by intimidation, it's based on the perception of the victim. And one can be very guilty of bank robbery being solely based on— Yes, and that perception has to be based on objective facts, like waving a gun. Correct. But then we move to the next statute, which is separate and apart, which is the 924C, which, in the analysis of this Court in earlier cases and the analysis of the Supreme Court in Alonis, says, and I submit based on constitutional principles, there has to be some element of willingness or intentionalness. Negligence is not enough. To say that an individual can be convicted of 924C and sentenced to a mandatory seven years in this case based on simply the perceptions of the victim, I submit to the Court as constitutionally repugnant based on what we have known since the Constitution was drafted about criminal liability. So you think 2113A is itself unconstitutional? No, Your Honor. Why isn't your argument one that the bank robbery statute is unconstitutional? We have no complaint about the bank robbery statute. We understand that. Your argument logically implies the invalidity of the bank robbery statute. I don't see how you can be contesting the 924C conviction without contending that 2113A is invalid. The bank robbery statute, Your Honor, has obviously different elements than the 924C, and we have to deal with those two statutes separately and apart. We understand that the bank robbery statute, first of all, the bank robbery statute is divisible. There's the use of force provision and there's the intimidation provision. We don't contest the... That's why I asked about 2113A, which is bank robbery by intimidation. I didn't ask about 2113D, which is bank robbery by actual force. Again, we admit that bank robbery by intimidation under 2113A, we have no constitutional gripe, so to speak, with that. Once you move to the separate statute of 924C, I submit to the court that the court's decisions have found that with regard to the elements clause of 924C that was not addressed in armor was there had to be some type of scienter or intent shown on the part of a defendant. When the Supreme Court decided aloneness, they made that clear. They went on to say in aloneness, here's the jury instructions, and that was error. The jury instructions in aloneness, here's the Supreme Court's comment. The jury was instructed that the government need prove only that a reasonable person would regard aloneness' communications as threats, and that was error. Federal criminal liability generally does not turn solely on the results of an act without considering the defendant's mental state. So when we consider 2113 separately from 924C, and circuit precedent and Supreme Court's precedent that with all due respect I submit was not considered in armor, I think there's a mandate that there has to be some evidence, some finding beyond negligence on the part of a bank robber. Understandably, when a bank robber... He did walk out with money, right? Yes, he did. Was that accidental? No. No. So he knows that whatever it is he's done has persuaded the teller or other bank employee to deliver money to him that he knows he's not entitled to, right? Yes. I've got to say that that's tough to find as anything other than intentional. But a matter that I acknowledge is not of record, Your Honor, is the training that bank tellers go through. They are told no matter what, protect yourself, protect... And there's no training for bank robbers that we know of. Confidential. But he knows he's taking steps to get money, property he's not entitled to, right? But what we don't know is whether or not a bank robber has a cousin who is a bank teller who told him, we're told just give it up. If you walk in with a gun, they don't care. If you walk in with your hand in your pocket, they don't care. If you walk in with your hoodie pulled up and your hands out and say just give me the money, you're going to get the money. The mistake in your argument, counsel, is that you're attempting to map threat doctrine as a constitutional matter. That's what Alanis was. It was a case about the First Amendment and threat doctrine. And the court took an off-ramp by implying an intent requirement. But it's a case that arises in that specific context. This is a bank robbery case. It's an intentional crime, plainly and clearly an intentional crime. It cannot be committed by negligence. And so I don't know where you're going trying to extrapolate a bank robbery principle from a rapper's blog post case. Judge, if I might just make this one comment. I think it's constitutionally improper to base a seven-year mandatory sentence on the perception of the victim. And that's why we're asking for reversal. You're not saying it's constitutionally improper to allow strict liability under criminal statutes, is it? I'm sorry, I didn't hear that, Judge. Are you saying it's unconstitutional to impose strict liability under criminal statutes? I don't believe I can answer that without knowing the specifics of a case. Thank you. Thank you. Thank you, Counsel. Ms. Kastelik. Thank you. Good morning, Your Honors. May it please the Court, Andrea Anna Kastelik on behalf of the United States. This Court recently held in armor that federal bank robbery is a crime of violence under the Career Offender Guideline because it has as an element the use, the attempted use, or threatened use of force. The defendant's position would require the Court to overturn armor, and there is certainly no good reason to do so. 924C's elements clause does not impose a specific intent requirement. That requirement is not in the statutory text. It is not supported by the case law, including by Castleman, which says that similar language in a 922G provision is satisfied by the intentional or knowing application of force. That is satisfied by the bank robbery statute, which Carter holds requires that there be knowledge as to the act as raised. In other words, the act of intimidation under 2113 must be knowing, and that was satisfied by the facts of this case as well. If there are no questions from the panel, the government would ask that the Court affirm the district court's judgment. Would a statute that punishes only threats be a crime of violence? Threats of physical violence? Nothing else? Like 875? Yes, Your Honor. What Alanis says is that the threats, it reads a mental state into the statute, so it's not committed only by negligence. The threat must be knowing. There must be knowledge as to the result that the defendant intends. That would fit under 924C's threatened use of force, as long as the object of the threat was the use of force. Thank you. Thank you very much. And Mr. Eberhardt, we appreciate your willingness to accept this case and for the assistance you've provided to the Court as well as your clients. Thank you. The case is taken under advisement.